May Term,
1860.

DODD
v.
SWEETSER.

DODD, Auditor of State *v.* SWEETSER, District Attorney.

The act of 1859, touching the salaries of officers, does not provide a salary for district attorneys.

The offices of prosecuting attorney and district attorney are distinct, notwithstanding the names may have been used interchangeably in some statutes. The one was created by the constitution, the other is a creature of the statute.

*Monday,*
*June 4.*

APPEAL from the *Marion* Court of Common Pleas.

WORDEN, J.— The question involved in this case is, whether the salary act of 1859 gives a salary of 500 dollars per annum to the district attorneys for the Common Pleas districts. The affirmative of this proposition was held by the Court below, and the auditor appeals.

The act (Acts of 1859, p. 74) provides "that there shall be allowed to the several officers of government, and persons hereinafter mentioned, the following annual salaries, to be paid quarterly, out of any moneys in the treasury belonging to the general fund, not specially otherwise appropriated by law: * * * *Eighteenth.* To the prosecuting attorneys, each, 500 dollars."

The question arises, who were meant by the term prosecuting attorneys, as used in the above enactment?

The eleventh section of the seventh article of the constitution of the state, provides that "there shall be elected, in each judicial circuit, by the voters thereof, a prosecuting attorney, who shall hold his office for two years."

The first section of the act to provide for the election, and certain duties of prosecuting and district attorneys (2 R. S. p. 385), is as follows:

"Be it enacted, &c. At the general election in the year 1852, and every second year thereafter, there shall be elected in each judicial circuit, a prosecuting attorney, who shall prosecute the pleas of the state, in the Circuit Courts of such circuit. And also, in each Court of Common Pleas district, a district attorney, who shall prosecute the pleas of the state in the Common Pleas and Justices' Courts of such district."

Thus it appears that the office was established by the constitution, and the officer designated as a prosecuting attorney. The statute, following the constitution, provides for the election of a prosecuting attorney in each judicial circuit, and makes it his duty to prosecute the pleas of the state in the Circuit Court. The same statute provides for the election of a district attorney in each Common Pleas district, whose duty it is to prosecute the pleas of the state in the Court of Common Pleas, and before justices of the peace. The offices of prosecuting attorney and district attorney are distinct and separate. The duties thereof are, in general, if not always, to be performed in different Courts. The one is established by the constitution, while the other is not known to that instrument. The name of the one officer, as given by the constitution, and as used in the law providing for his election, &c., is that of prosecuting attorney. The name of the other, as designated in the law providing therefor, is that of district attorney.

It is clear to our minds that no just principles of interpretation will permit that portion of the act of 1859, which gives a salary of 500 dollars per annum to prosecuting attorneys, to be construed as embracing any other officers than such as are known to the constitution, and the laws made in pursuance thereof, as prosecuting attorneys.

The legislature, with the constitution before them, providing for the office of prosecuting attorney, the number of which is only to be equal to the number of judicial circuits in the state, cannot be presumed to have used the term prosecuting attorneys with intent thereby to embrace other officers unknown to the constitution, and known to the law creating the offices by another and different appellation.

In some instances in the revision of 1852, and perhaps in subsequent legislation, the legislature may have confounded the term prosecuting attorney with district attorney. These terms may have been used interchangeably, indiscriminately, and improperly, but the context generally, if not always, shows with sufficient certainty what officer was intended.

But the fact that the term prosecuting attorney may have been, in previous legislation, improperly used where district attorney was evidently intended, is no sufficient reason why we should attribute to the legislature which passed the act of 1859, an intended misapplication of the phrase; or an intent to embrace thereby not only prosecuting attorneys, but other officers who are not known to the constitution and law as prosecuting attorneys.

It is insisted that, unless the district attorneys are entitled to the salary in question, they have the empty honors of an office, without any compensation whatever. If this be so, the argument would address itself with much force to the legislature, but cannot prevail in the construction of a legislative enactment, so as to extend its operation to cases for which no provision is contemplated by the law itself. It may be observed here, that the district attorneys never have been paid a salary out of the state treasury, while the prosecuting attorneys have. The act in question increases the salary of the prosecuting attorney, while it leaves the district attorneys, so far as salary is concerned, precisely where they stood before the passage of the act in question. If they have no salary now, they had none before the act was passed.

For these reasons, we are of opinion that the Court below erred, and that the judgment must be reversed.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. E. McDonald*, for the appellant.

*J. N. Sweetser*, for the appellee.